UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

    Plaintiffs,

v

FORD MOTOR COMPANY,

    Defendants.
_____/

No. 2:17-12372-cv

HON.

MAG.

| | |
|---|---|
| Polly A. Synk (P63473)<br>Brian J. Negele (P41846)<br>Assistant Attorneys General<br>Environment, Natural Resources<br>and Agriculture Division<br>Attorneys for the Michigan<br>Department of Environmental<br>Quality<br>P.O. Box 30755<br>Lansing, MI 48909<br>(517) 373-7540<br>synkp@michigan.gov<br>negeleb@michigan.gov | Sharon R. Newlon (P41963)<br>Dickinson Wright, PLLC<br>Attorneys for Ford Motor<br>Company<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226<br>(313) 223-3674<br>snewlon@dickinsonwright.com |

_____/

**STIPULATED MOTION FOR ENTRY OF CONSENT DECREE**

Plaintiff Michigan Department of Environmental Quality (MDEQ) and Defendant Ford Motor Company (Ford) (collectively, the Parties)

move for this Court to enter as a final judgment the Consent Decree, which is attached to this motion.  In support of this motion, the Parties state as follows:

     1.    On July 21, 2017, MDEQ filed the Complaint in this matter alleging claims under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 *et* seq., Part 201, Environmental Remediation, (Part 201) of the Michigan Natural Resources and Environmental Protection Act (NREPA), MCL 324.20101 *et seq.*, and Part 31, Water Resources Protection, of NREPA, MCL 324.3101 *et seq.*, related to the release or threatened release of hazardous substances, contaminants and wastes into the environment at and from the Ford Livonia Transmission Plant in Livonia, Michigan.

     2.    As detailed in the Complaint, Ford began working to voluntarily address the contamination as early as September 2014 under the oversight of MDEQ.  The Consent Decree was entered into by the Parties to ensure the timely and enforceable assessment, abatement and remediation of the release or threatened release of hazardous substances, contaminants and wastes into the environment, to control

future releases, and to protect public health, safety, and welfare, and the environment.

   3. MDEQ has determined that entry of this Consent Decree is protective of public health, safety, and welfare, and the environment and in the public interest.

                  Respectfully submitted,

| | |
|---|---|
| /s/ Sharon R. Newlon | /s/ Polly A. Synk |
| Sharon R. Newlon (P41963) | Polly A. Synk (P63473) |
| Dickinson Wright, PLLC | Brian J. Negele (P41846) |
| Attorneys for Ford Motor Company | Assistant Attorneys General Environment, Natural Resources and Agriculture Division |
| 500 Woodward Avenue, Suite 4000 | Attorneys for the Michigan Department of Environmental Quality |
| Detroit, MI 48226 | P.O. Box 30755 |
| (313) 223-3674 | Lansing, MI 48909 |
| snewlon@dickinsonwright.com | (517) 373-7540 |
| | synkp@michigan.gov |
| | negeleb@michigan.gov |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

    Plaintiffs,

v

FORD MOTOR COMPANY,

    Defendants.
_____/

No.  2:17-12372-cv

HON.

MAG.

| | |
|---|---|
| Polly A. Synk (P63473)<br>Brian J. Negele (P41846)<br>Assistant Attorneys General<br>Environment, Natural Resources<br>and Agriculture Division<br>Attorneys for the Michigan<br>Department of Environmental<br>Quality<br>P.O. Box 30755<br>Lansing, MI 48909<br>(517) 373-7540<br>synkp@michigan.gov<br>negeleb@michigan.gov | Sharon R. Newlon (P41963)<br>Dickinson Wright, PLLC<br>Attorneys for Ford Motor<br>Company<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226<br>(313) 223-3674<br>snewlon@dickinsonwright.com |

_____/

**BRIEF IN SUPPORT OF STIPULATED MOTION FOR ENTRY
OF CONSENT DECREE**

|  |  |
|---|---|
|  | Bill Schuette<br>Attorney General<br><br>Polly A. Synk (P63473)<br>Brian J. Negele (P41846)<br>Assistant Attorneys General<br>Environment, Natural Resources<br>and Agriculture Division<br>Attorneys for the Michigan<br>Department of Environmental<br>Quality<br>P.O. Box 30755<br>Lansing, MI 48909<br>(517) 373-7540<br>synkp@michigan.gov<br>negeleb@michigan.gov |
| Dated: July 21, 2017 |  |

## TABLE OF CONTENTS

Page

Index of Authorities ................................................................................................ ii

Argument ................................................................................................................ 1

Conclusion and Relief Requested ........................................................................... 4

Certificate of Service .............................................................................................. 1

# INDEX OF AUTHORITIES

Page

**Cases**

*Aro Corp. v. Allied Witan Co.*,
  531 F.2d 1368 (6th Cir. 1976) ............................................................... 1

*Donovan v. Robbins*,
  752 F.2d 1170 (7th Cir. 1985) ............................................................... 2

*Kelley v. Thomas Solvent Co.*,
  717 F. Supp. 507 (W.D. Mich. 1989) ................................................ 1, 2

*Officers for Justice v. Civil Serv. Comm'n and
  Cnty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) .................................................................. 2

*SEC v. Randolph*,
  736 F.2d 525 (9th Cir. 1984) .................................................................. 2

*United States v. Akzo Coatings of Am., Inc.*,
  949 F.2d 1409 (6th Cir. 1991) ............................................................ 1, 2

*United States v. Cannons Eng'g Corp.*,
  720 F. Supp. 1027 (D. Mass. 1989),
  *aff'd*, 899 F.2d 79 (1st Cir. 1990) .......................................................... 2

*United States v. Cnty. of Muskegon*,
  298 F.3d 569 (6th Cir. 2002) .................................................................. 1

*United States v. Jones & Laughlin Steel Corp.*,
  804 F.2d 348 (6th Cir. 1986) .................................................................. 2

*United States v. Lexington-Fayette Urban Cnty. Gov't*,
  591 F.3d 484 (6th Cir. 2010) .................................................................. 1

## ARGUMENT

In reviewing a proposed consent decree, the reviewing court is to ascertain "whether the decree is 'fair, adequate, and reasonable, as well as consistent with the public interest.'" *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010), quoting *United States v. Cnty. of Muskegon*, 298 F.3d 569, 580-81 (6th Cir. 2002); *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1426 (6th Cir. 1991). This limited standard of review reflects a public policy that strongly favors settlements of disputes without protracted litigation. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). Settlements conserve the resources of the courts, the litigants, and the taxpayers and "should . . . be upheld whenever equitable and policy considerations so permit." *Id.* at 1372. The presumption in favor of settlement is particularly strong where, as here, the Michigan Department of Attorney General played a significant role in negotiating the Consent Decree on behalf of MDEQ, the State agency with substantial expertise in the environmental field. *See Akzo Coatings*, 949 F.2d at 1436; *Kelley v. Thomas Solvent Co.*, 717 F. Supp. 507, 515 (W.D. Mich. 1989).

1

Approval of a settlement is committed to the informed discretion of the trial court. *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986); *Donovan v. Robbins*, 752 F.2d 1170, 1176-77 (7th Cir. 1985); *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). Courts, however, usually exercise this discretion in a limited and deferential manner. For example, the court does not have the power to modify a settlement; it may only accept or reject the terms to which the parties have agreed. *Jones & Laughlin Steel*, 804 F.2d at 351; *Akzo Coatings*, 949 F.2d at 1435; *Officers for Justice v. Civil Serv. Comm'n and Cnty. of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982). The focus of the court's evaluation is "not whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute," *United States v. Cannons Eng'g Corp.*, 720 F. Supp. 1027, 1036 (D. Mass. 1989) (citations omitted), *aff'd*, 899 F.2d 79, 84 (1st Cir. 1990); *see also, Officers for Justice*, 688 F.2d 615, 625 and 630; *Thomas Solvent*, 717 F. Supp. 507, 515.

Here, the Court should enter the proposed Consent Decree because it is fair, reasonable, and consistent with the objectives of the purposes of RCRA and NREPA, which are the basis of the claims asserted in the Complaint.

The proposed Consent Decree clearly meets this standard because it creates a framework for further investigation of the involved contamination, with a particular focus on the potential impacts to property where the contamination has migrated.  The Consent Decree imposes stricter standards for the "vapor intrusion" exposure pathway than the current standards set under the Rules by MDEQ under Part 201 of the NREPA, because MDEQ has determined that the Part 201 cleanup criteria specific to the volatilization to indoor air pathway promulgated in 2013 may result in an unacceptable public health risk and are less stringent than federal health advisory levels.

The "presumption of validity" stands and, therefore, the proposed Consent Decree should be entered as a final order of the Court.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, the proposed Consent is fair, reasonable, adequate, and consistent with the goals of RCRA and NREPA. The Parties stipulate to entry of the proposed Consent Decree and respectfully request that the Court sign and enter the proposed Consent Decree as a final judgment.

                Respectfully submitted,

                */s/ Polly A. Synk*
                Polly A. Synk (P63473)
                Brian J. Negele (P41846)
                Assistant Attorneys General
                Environment, Natural Resources and Agriculture Division
                Attorneys for the Michigan Department of Environmental Quality
                P.O. Box 30755
                Lansing, MI 48909
                (517) 373-7540
                synkp@michigan.gov
                negeleb@michigan.gov

Dated: July 21, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, I electronically filed the above document(s) with the Clerk of the Court using the ECF System. I also served copies of the documents by First Class Mail addressed to:

Jefferson B. Sessions, III
Attorney General of the United States
US Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 220530-0001

Scott Pruitt, Administrator
USEPA Headquarters
William Jefferson Clinton Building
1200 Pennsylvania Avenue, N>W>
Mail Code 1101A
Washington, DC 20460

Sharon R. Newlon
Dickinson Wright, PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226

*/s/ Polly A. Synk*
Polly A. Synk (P63473)
Assistant Attorney General
Environment, Natural Resources
and Agriculture Division
Attorneys for the Michigan
Department of Environmental
Quality
P.O. Box 30755
Lansing, MI 48909
(517) 373-7540
synkp@michigan.gov

LF: Ford Livonia/AG#2017-0183742-A/Stipulated Motion for Entry of Consent Decree with Brief in Sup 2017-7-21