UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

    Plaintiff,

and

BRUCE TENNISWOOD, ET AL.,

    Proposed Intervenors,

    v.

FORD MOTOR COMPANY,

    Defendant.

Case No. 17-cv-12372

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

/

**OPINION AND ORDER DENYING PROPOSED INTERVENORS'
MOTION TO INTERVENE [#10]**

**I. INTRODUCTION**

Plaintiff Michigan Department of Environmental Quality initiated this Resource Conservation and Recovery Act ("RCRA") suit against Defendant Ford Motor Company on July 21, 2017. Dkt. No. 1. By July 27, 2017, the parties had reached a settlement and the Court entered a final judgment. Dkt. No. 7. The instant Motion was filed a year and three months later. Dkt. No. 10.

Present before the Court is Proposed Intervenors' Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a) [#10]. The matter is fully briefed, and the Court finds that no hearing on the Motion is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will DENY the Motion [#10].

## II. BACKGROUND

On April 21, 2017, counsel for Proposed Intervenors filed a ninety-day notice of intent to sue Defendant under the "citizen suit" provision of the RCRA. Dkt. No. 24, p. 10 (Pg. ID 725). Proposed Intervenors planned to sue Defendant in connection with contamination that had migrated through groundwater from Defendant's Livonia Transmission Plant into the subdivision where Proposed Intervenors' homes were located. *Id.*

The purpose of the RCRA's ninety-day notice provision is to provide government agencies with the first opportunity to take the lead in initiating a RCRA enforcement action. *See* 42 U.S.C. § 6972(b)(2)(A), (C). If the government agency chooses to file suit, then the private citizen, with certain exceptions, is prohibited from pursuing their own RCRA action. *See* 42 U.S.C. § 6972(b)(2)(C).

On July 21, 2017, Plaintiff filed a RCRA Complaint against Defendant. Dkt. No. 1. Simultaneously, Plaintiff filed a Consent Decree to resolve all the

claims in the Complaint. Dkt. No. 1; Dkt. No. 3. The Consent Decree is over eighty pages long and outlines an investigation and remediation plan to bring Defendant into compliance with certain environmental regulations. *See* Dkt. No. 3. On July 27, 2017, the Court entered the Consent Decree, which acted as a final judgment and closed the case. Dkt. No. 7. Proposed Intervenors brought the instant Motion a year and three months later, seeking the opportunity to participate in future decision-making surrounding the enforcement of the Consent Decree. Dkt. No. 10, p. 16 (Pg. ID 341).

### III. DISCUSSION

**A. The RCRA's Citizen Suit Provision does not Present a Bar to Proposed Intervenors' Motion.**

As an initial matter, Plaintiff argues that intervention is precluded by the RCRA's "citizen suit" provision that prohibits any person from commencing an action under § 6972(a)(1)(B) if "the State . . . has commenced and is diligently prosecuting an action under subsection (a)(1)(B) of this section." *See* Dkt. No. 24, pp. 21-22 (Pg. ID 737-37) (citing 42 U.S.C. § 6972(b)(2)(C)(i)). Plaintiff maintains that Proposed Intervenors' attempt to intervene in this case is no different than initiating a citizen suit. Plaintiff, however, fails to recognize § 6972(b)(2)(E) of the RCRA.

Section 6972(b)(2)(E) explicitly permits any person to intervene as a matter of right in any action under subsection (a)(1)(B) if that person "claims an interest

relating to the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest." *See* 42 U.S.C. § 6972(b)(2)(E). Intervention is restricted only where the State shows that the person's interest is "adequately represented by existing parties." *Id.* This language parallels Federal Rule of Civil Procedure 24(a)(2)'s requirements for intervention as of right, which also requires that a motion to intervene be timely. *See* Fed. R. Civ. P. 24(a)(2).

Clearly, Congress did not intend to completely foreclose citizens from intervening in a suit brought under the RCRA. As such, the Court finds that the RCRA citizen suit provision does not present a bar to Proposed Intervenors' Motion.

**B. The Court will Deny the Motion to Intervene as Untimely.**

Proposed Intervenors argue that they have a right to intervene under Federal Rule of Civil Procedure 24(a). Dkt. No. 10, p. 2 (Pg. ID 327). Rule 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). More plainly, the Sixth Circuit has identified four factors a movant must satisfy before intervention as of right will be granted. *Michigan*

*State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). These factors are: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Id.* Importantly, "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Proposed Intervenors assert that their Motion is timely because the investigation and clean-up efforts under the Consent Decree are still in their early stages and Proposed Intervenors do not seek to interfere with the Consent Decree. *See* Dkt. No. 10, p. 35 (Pg. ID 360). Plaintiff and Defendant both oppose this notion, arguing that attempting to intervene a year and three months after the Court entered a final judgment can never be considered timely. *See* Dkt. No. 24, p. 35 (Pg. ID 750); Dkt. No. 26, pp. 30-33 (Pg. ID 948-51).

"The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). To that end, the Sixth Circuit has emphasized that courts must consider the following five factors in determining whether a motion to intervene was timely filed:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application

during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* The Court will analyze Proposed Intervenors' Motion under these five factors, in turn, below.

1. Stage of the Proceeding

The first timeliness factor requires courts to look at the point to which the lawsuit has progressed. *Id.* Proposed Intervenors cite to the Sixth Circuit's opinion in *United States v. City of Detroit* for the proposition that intervention can be considered timely even after a court has entered a final judgment. Dkt. No. 10, p. 34 (Pg. ID 359); *see* 712 F.3d 925, 931-32 (6th Cir. 2013). There, the Sixth Circuit recognized that courts often permit intervention, even after final judgment, for the limited purpose of allowing movants to participate in future remedial proceedings. *Id.* at 932. In doing so, the court clarified that the proper focus under this first factor is not the mere passage of time, but instead the stage of the proceedings and the nature of the case. *Id.* at 931. But *City of Detroit* can be distinguished from the instant case.

In *City of Detroit*, the EPA filed suit against the City for violations of the Clean Water Act. *Id.* at 927. Soon after, the parties reached a settlement

agreement and, like in this case, the district court entered a consent judgment. *See id.* For the next thirty years, however, the City fell in and out of compliance with the initial consent decree, requiring ongoing court proceedings and multiple amended consent judgments. *Id.*

Roughly thirty years after the initial consent judgment, the district court judge entered a remedial order that adversely affected the collective bargaining rights of union workers in the City. *Id.* at 929-30. Within thirty days, the labor union filed a motion to intervene, but the district court ruled that the motion was untimely. *Id.* at 930-31. In overturning the district court's decision, the Sixth Circuit emphasized that the passage of thirty years was not particularly important to this first timeliness factor. *Id.* at 931. Instead, the court focused on the fact that the suit had been in a remedial, non-adversary posture from the start, and despite significant progress, could not be expected to end any time soon. *Id.* at 931. Hence, the court concluded that it was appropriate to permit the union to intervene for the limited purpose of participating in future remedial proceedings and to challenge the recently issued remedial court order. *See id.* at 933.

Here, unlike in *City of Detroit*, this case has been closed and inactive since the Court entered a final judgment on July 27, 2017. *See* Dkt. No. 7. The lack of court involvement up to this point suggests there will be no need for future remedial proceedings. Because at this stage of the case the claims in the

underlying suit appear well-settled, the Court finds that this first factor weighs against a finding of timeliness. *See United States v. BASF-Inmont Corp.*, 1995 WL 234648, at *2-3 (6th Cir. 1995) (holding a motion to intervene filed during the final stages of a proceeding is not favorably viewed and that where the only step remaining in litigation is the approval of a proposed consent decree, this constitutes a final stage of the proceeding).

   2. Purpose for Intervention

The second timeliness factor looks to the purpose for which intervention is sought. *Jansen*, 904 F.2d at 340. Proposed Intervenors assert that they only wish to participate in future decision-making, and thus, do not wish to file a complaint or amend the Consent Decree. *See* Dkt. No. 10, p. 35 (Pg. ID 360). Plaintiff and Defendant argue that Proposed Intervenors have an ulterior motive: to usurp Plaintiff's oversight role. *See* Dkt. No. 24, p. 39 (Pg. ID 754); Dkt. No. 26, p. 34 (Pg. ID 952). Such an action, they suggest, would necessarily require amending the Consent Decree.

The Sixth Circuit has held that courts are not faced with an all-or-nothing choice between granting or denying intervention. *City of Detroit*, 712 F.3d at 931. In some fact-specific situations, where a case is complicated, non-adversarial, and implicates public interest, some form of limited intervention may be appropriate. *Id.* at 932. Still, the Sixth Circuit recognizes that "[i]nterested parties should not be

able to join at a late stage and re-litigate issues that they watched from the sidelines." *Id.*

Here, even the most limited form of intervention would require disturbing the Consent Decree and having the parties re-litigate and/or re-negotiate its key provisions. Under the Decree, the decision to approve or disapprove of any corrective action plans lies exclusively with Plaintiff. *See* Dkt. No. 7. This includes, among other things, Defendant's Response Activity Plans, Remedial Investigation Plans, and Remedial Action Plans. *See id.* To limit Plaintiff's discretion over these decisions in any way -- as Proposed Intervenors effectively ask here -- would necessarily require amending the Consent Decree.

Moreover, Proposed Intervenors' claim of simply wanting the opportunity to "participate in future decision-making" appears misleading. *See* Dkt. No. 10, p. 35 (Pg. ID 360). Section 6.12 of the Consent Decree sets out the public notice, comment, and meeting requirements under the agreement. *See* Dkt. No. 7, p. 37 (Pg. ID 263). Per this section, Plaintiff has the authority to make any proposed Response Activity Plans or Remedial Investigation Reports available for public comment. *Id.* Upon request, Plaintiff will hold a public meeting to discuss these matters. *Id.* at p. 38 (Pg. ID 264). Further, after any review period, Plaintiff can refer the reports or plans back to Defendant to make revisions that address the public's comments. *Id.*

According to Plaintiff and Defendant, Proposed Intervenors have taken full advantage of this public forum, and Plaintiff has accepted Proposed Intervenors' comments and incorporated them into the responses to Defendant's corrective-action-plan submissions. *See* Dkt. No. 24, pp. 14-17 (Pg. ID 729-32); Dkt. No. 26, pp. 19-20 (Pg. ID 937-38). Hence, by claiming this is not sufficient participation to protect their legal interest, Proposed Intervenors are suggesting they not only want the opportunity to participate in future decision-making, but also want decision-making authority. *See* Dkt. No. 32, pp. 24-25 (Pg. ID 1620-21). Granting this request would require amending the Consent Decree.

Because the Court is concerned that Proposed Intervenors ultimately seek to relitigate issues that have been settled in the Consent Decree for well over a year, this second factor will weigh against a finding of timeliness.

### 3. Time Preceding Application to Intervene

The third factor concerns "the length of time preceding the [movants] motion to intervene, during which they knew, or should have known, of their interest in the case." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 477 (6th Cir. 2000). Here, Proposed Intervenors knew of their interest in this case for the entire one year and three months preceding their Motion. In fact, Proposed Intervenors were initially prepared to file this RCRA suit themselves. *See* Dkt. No. 10, p. 14 (Pg. ID 339).

Nevertheless, Proposed Intervenors claim their Motion is timely because they only recently learned of facts that would cause them to doubt whether their rights would be protected under the Consent Decree. *See id.* at p. 30 (Pg. ID 355). But the Sixth Circuit explicitly rejected this same argument in *United States v. Tennessee*. *See* 260 F.3d 587, 593-94 (6th Cir. 2001) (holding an entity that is aware that its interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that it is entitled to intervene). Here, Proposed Intervenors should have attempted to intervene at their first opportunity -- which was when the suit was initially filed -- rather than taking a wait-and-see approach. *See id.*

Moreover, the Sixth Circuit opinions that Proposed Intervenors cite do not support their argument. In both *City of Detroit* and *Grubbs*, the proposed intervenors' legal interests in the cases were not apparent when those lawsuits were originally filed. Instead, their legal interests were triggered by adverse remedial court orders entered during the late stages of litigation. *See* 712 F.3d at 929-30; 870 F.2d at 346. Here, on the other hand, the Court has not entered any orders since it entered a final judgment on July 27, 2017. *See* Dkt. No. 7. Given that Proposed Intervenors' recent interest in the case cannot be attributed to an adverse order from this Court, and in light of their failure to act before or soon after the

Court entered the final judgment, this third factor will weigh against a finding of timeliness.

   4. Prejudice to Original Parties

The fourth timeliness factor looks to the prejudice caused by proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case. *Jansen*, 904 F.2d at 340. The proper focus of this factor is "the prejudice caused by the *untimeliness*, not the intervention itself." *City of Detroit*, 712 F.3d at 933.

Proposed Intervenors argue that allowing them to intervene will not prejudice the original parties or delay the case because there will be no need for additional discovery and they do not seek to interfere with the Consent Decree. *See* Dkt. No. 10, p. 35 (Pg. ID 360). But as discussed earlier, the type of relief Proposed Intervenors ultimately seek will necessarily require amending the Consent Decree. Here, the Consent Decree has been settled for over a year and the investigation and clean-up efforts outlined within it are well under way. As amending the Consent Decree will halt these efforts and hinder the current momentum, the Court finds that Proposed Intervenors' untimeliness would indeed prejudice the original parties to this case. *See BASF-Inmont Corp.*, 1995 WL 234648, at *4 ("Where intervention would require renewal of negotiations and a delay in implementing [the remediation plans], the intervention would prejudice

the parties' interests."). Therefore, this fourth factor will also weigh against a finding of timeliness.

5. Unusual Circumstances

The final factor looks to whether there are any unusual circumstances that weigh in favor of or against granting a motion to intervene. *Jansen*, 904 F.2d at 340. Here, there are no unusual circumstances that factor into the Court's decision.

In sum, four of the five factors discussed above weigh against a finding of timeliness. Because this finding, alone, would require denying the instant Motion, it is not necessary to discuss the remaining intervention factors. *See Grubbs*, 870 F.2d at 345 ("failure to meet one of the criteria will require that the motion to intervene be denied"). This finding would also mandate that the Court deny permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). *See* Fed. R. Civ. P. 24(b)(1) (requiring a "timely" motion).

**C. Federal Rule of Civil Procedure 60(b) Presents an Additional Hurdle to Intervention.**

When the Court entered the Consent Decree on July 27, 2017, this served as a final judgment between and among the parties. *See* Dkt. No. 7, p. 85 (Pg. ID 311). Because the relief that Proposed Intervenors request would inevitably require amending the Consent Decree, they must make a showing under Federal Rule of Civil Procedure 60(b) to justify such relief. *See* Fed. R. Civ. P. 60(b).

Proposed Intervenors have made no such showing, and thus, the Court will Deny the Motion to Intervene on this additional basis.

## IV. Conclusion

For the reasons stated herein, the Court will DENY the Motion to Intervene [#10].

IT IS SO ORDERED.

Dated: February 28, 2019

        s/Gershwin A. Drain
        HON. GERSHWIN A. DRAIN
        United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 28, 2019, by electronic and/or ordinary mail.

        s/Teresa McGovern
        Case Manager